UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00096-GZS |
| | ) | |
| ERIC W. LEVANGIE, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON PLAINTIFF'S MOTION
## FOR SERVICE BY PUBLICATION

Plaintiff seeks leave to serve Defendant with the complaint and summons by publication and other alternate means. (Motion, ECF No. 18.) After review of the motion and the record, the Court grants the motion.

### FACTUAL BACKGROUND

Plaintiff asserts it has made the following attempts to serve Defendant:

1. On June 9, 2020, Plaintiff sent by Federal Express to Defendant at his last known address of 12 Dog Island Drive, Belfast, Maine, (a) a form "Notice of Lawsuit and Request to Waive Service of Summons;" (b) a form "Waiver of the Service of Summons;" (c) a copy of the complaint; and (d) and explanatory letter.

2. Federal Express confirmed delivery to Defendant's residence on June 10, 2020.

3. Defendant did not respond to the request for waiver of service.

4. On February 6, 2021, a professional process server attempted to serve Defendant at his Belfast home, but could not enter 12 Dog Island Drive as the road was blocked by a cable.

5. On February 8, 2021, the process server attempted to serve Defendant at his Belfast home, but again could not enter 12 Dog Island Drive as the road was blocked by a cable.

6. On February 8, 2021, the process server went to two nearby properties (13 Dog Island Drive and 255 Lincolnville Avenue) that are currently or were previously owned by Defendant's family. Through this effort, the process server was told by Defendant's nephew that Defendant receives his mail in a mail bin at 255 Lincolnville Avenue. The process server left a summons and complaint with Defendant's nephew, who said he would put the documents in the mail bin; he also left a summons and complaint with the current occupant of 255 Lincolnville Avenue, a friend of Defendant's family, who said he would put the documents in the mail bin.

7. Plaintiff obtained information that Defendant was aware of the lawsuit and was taking measures to avoid service. Defendant's efforts to avoid service allegedly included extended stays at 5 Sisquisic Trail in Yarmouth, Maine, in the residence of the mother of Defendant's daughter. On February 6, 2021, another process server attempted to serve Defendant at that address, but no one answered the door. The process server left an envelope with the summons and complaint on the door.

8. On February 8, 2021, the process server attempted to serve Defendant at the Yarmouth address. A woman, the mother of Defendant's daughter, answered the door. She reported that Defendant does not live at the residence and that she had the documents that the process server had left at the residence. She said she would call Defendant about the documents. The process server left another summons and complaint with her.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in

an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

Here, Plaintiff has demonstrated its diligence in its efforts to serve Defendant by customary methods, has demonstrated that its efforts have been unsuccessful and has demonstrated that further similar efforts are unlikely to be successful. The issue is whether the alternate service proposed by Plaintiff (i.e., by publication and other alternate means) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). When service by publication is authorized, it is generally authorized in combination with other means of making service. *Mullane*, 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

In this case, service by publication, together with leaving a copy of the summons and complaint at Defendant's last known address (12 Dog Island Drive, Belfast, Maine), and mailing a copy of the complaint and summons to Defendant at 255 Lincolnville Avenue, Belfast, Maine, would constitute reasonable measures to provide Defendant with notice of this action.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion for service by publication. Plaintiff shall serve Defendant (1) by leaving a copy of the summons and complaint at 12 Dog Island Drive, Belfast, Maine; (2) by mailing a copy of the complaint

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

and summons to Defendant at 255 Lincolnville Avenue, Belfast, Maine; and (2) by publication in accordance with Maine Rule of Civil Procedure 4(g) and pursuant to the order for service issued with this Order.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of March, 2021.